JS 44  (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

YANIRA ROSARIO

**DEFENDANTS**

GXO SC LANCASTER MAYTEX AND ELWOOD STAFFING SERVICES, INC.

**(b)** County of Residence of First Listed Plaintiff    LANCASTER
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    LANCASTER
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Sidney L. Gold, Esquire - The Gold Law Firm, P.C.
1835 Market St., Ste. 515, Phila, PA 19103 215-569-1999

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product    Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | Liability / ☐ 367 Health Care/ | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Pharmaceutical Slander    Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'    Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability / ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 340 Marine    Injury Product | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 345 Marine Product    Liability | | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | Liability    **PERSONAL PROPERTY** | **LABOR** | | ☐ 485 Telephone Consumer |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | | Protection Act |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle / ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | Product Liability / ☐ 380 Other Personal | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 360 Other Personal    Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| | Injury / ☐ 385 Property Damage | ☐ 751 Family and Medical | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury -    Product Liability | Leave Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | Medical Malpractice | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information |
| ☐ 210 Land Condemnation | **CIVIL RIGHTS**    **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | | Act |
| ☐ 220 Foreclosure | ☐ 440 Other Civil Rights    **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☒ 442 Employment / ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party 26 USC 7609 | Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 443 Housing/    Sentence | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | Accommodations / ☐ 530 General | | | State Statutes |
| | ☐ 445 Amer. w/Disabilities - / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment    **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | Other / ☐ 550 Civil Rights | | | |
| | ☐ 448 Education / ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA, TITLE VII, PHRA

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $
150,000 IN EXCESS

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE
05/29/2025

SIGNATURE OF ATTORNEY OF RECORD
/S/ SIDNEY L. GOLD, ESQUIRE

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: 1700 Cloister Drive, Building 15, Lancaster, Pennsylvania 17601 _____

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?                                          Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?         Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?   Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?   Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply?              Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☒ 8. Employment
☐ 9. Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____
   _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒  Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐  None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| YANIRA ROSARIO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| GXO SC LANCASTER MAYTEX AND | : | |
| ELWOOD STAFFING SERVICES, INC. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                                  (   )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits.                                         (   )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   (   )

(d) Asbestos – Cases involving claims for personal injury or property damage from
     exposure to asbestos.                                                                                  (   )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court.  (See reverse side of this form for a detailed explanation of special
     management cases.)                                                                                     (   )

(f) Standard Management – Cases that do not fall into any one of the other tracks.              (☑)


| 05/29/2025 | /s/ Sidney L. Gold, Esquire | PLAINTIFF |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 569-1999 | (215) 569-3870 | sgold@discrimlaw.net |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)    The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)    In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)    The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)    Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)    Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation"  as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

YANIRA ROSARIO,                          :
                                         :
        ***Plaintiff,***                          :
                                         :
        v.                          :      **CIVIL ACTION NO._____**
                                         :
GXO SC LANCASTER MAYTEX                  :
and ELWOOD STAFFING                      :
SERVICES, INC.,                          :
                                         :
        ***Defendants.***                          :
                                         :
_____          :

**COMPLAINT AND JURY DEMAND**

**I.      PRELIMINARY STATEMENT:**

1.      This is an action for an award of damages, attorneys' fees, and other relief on behalf of the Plaintiff, Yanira Rosario ("Plaintiff"), a former employee of the Defendants, GXO SC Lancaster Maytex ("GXO") and Elwood Staffing Services, Inc. ("Elwood") (collectively "Defendants"), who has been harmed by the Defendants' discriminatory and retaliatory employment practices.

2.      This action is brought under the Americans with Disabilities Act, 42 U.S.C. §12101, et seq. ("ADA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e), et seq., as amended by the Civil Rights Act of 1991 ("Title VII"), and the Pennsylvania Human Relations Act, 43 P.S. §951 et seq. ("PHRA").

**II.     JURISDICTION AND VENUE:**

3.      The jurisdiction of this Court is invoked, and venue is proper in this judicial district, pursuant to 28 U.S.C. §§1331 and 1391, as Plaintiff's claims are substantively based on the ADA and Title VII.

4. The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367 to consider Plaintiff's claims arising under the PHRA.

5. All conditions precedent to the institution of this suit have been fulfilled and Plaintiff has satisfied all other jurisdictional prerequisites to the maintenance of this action. On February 28, 2025, a Notice of Right to Sue was issued by the Equal Employment Opportunity Commission and this action has been filed within ninety (90) days of receipt of said notice.

## III.    PARTIES:

6. Plaintiff, Yanira Rosario ("Plaintiff"), is an adult individual and citizen of the Commonwealth of Pennsylvania, residing therein at 497 Norwood Road, Apt 5, Columbia, Pennsylvania 17512.

7. Defendant, GXO SC Lancaster Maytex ("GXO"), is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, maintaining a place of business located therein at 1700 Cloister Drive, Building 15, Lancaster, Pennsylvania 17601.

8. Defendant, Elwood Staffing Services, Inc. ("Elwood"), is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, maintaining a place of business located therein at 1384 Harrisburg Pike, Lancaster, Pennsylvania 17601.

9. At all times relevant hereto, the Defendants were acting through their agents, servants, and employees, who were acting within the scope of their authority, course of employment, and under the direct control of the Defendants.

10. At all times material herein, the Defendants have been "employers" as defined by Title VII, the ADA, and the PHRA, and have been, and are, subject to the provisions of each said Act.

IV.    **STATEMENT OF FACTS:**

11.    Plaintiff was employed by the Defendants from on or about March 24, 2023 until September 8, 2023, the date of her termination.

12.    By way of background, Elwood Staffing Services, Inc. ("Elwood"), a staffing agency, hired Plaintiff and assigned her to work as an Inventory Control Specialist with GXO SC Lancaster Maytex ("GXO"). Thereafter, Defendants jointly employed Plaintiff, as GXO controlled and directed Plaintiff's work duties and hours, while Elwood compensated Plaintiff and oversaw the administrative aspects of her employment.

13.    Throughout her employment with Defendants, Plaintiff maintained a satisfactory job performance and performed her duties in a diligent and competent manner.

14.    In or around April 2023, GXO hired Luis Rosario Ortiz ("Ortiz"), Plaintiff's husband, as a Forklift Operator.

15.    Shortly after his hire, Maria Cespedes ("Cespedes"), Packer, subjecting Ortiz to sexual harassment in the workplace.

16.    By way of example, Cespedes repeatedly told Ortiz that she wanted him to "fuck [her]" and "suck [her] clitoris."

17.    By way of further example, Cespedes physically assaulted Ortiz by groping him and subjecting him to unwanted sexual touching.

18.    Moreover, Cespedes then taunted Plaintiff by telling her about the sexual harassment and laughing about her behavior. Marcy Hyson ("Hyson"), Sholanda Christian ("Christian"), and Brian Patterson ("Patterson") all witnessed Cespedes' sexual harassment of Ortiz and her related harassment of Plaintiff.

19.  On or about May 4, 2023, Plaintiff registered a complaint of sexual harassment against Cespedes with Joel Arnold ("Arnold"), GXO Supervisor. However, Arnold failed to investigate or otherwise take remedial action.

20.  On or about May 30, 2023, Plaintiff registered another complaint of sexual harassment with Chuck Fornwalt ("Fornwalt"), GXO Manager. Fornwalt similarly failed to investigate or otherwise take action to cause Cespedes' harassment to cease.

21.  On the same date, Plaintiff registered a complaint of sexual harassment with Cassandra Stewart ("Stewart"), Elwood Staff Recruiter. Despite Stewart's assurance that she would escalate the matter, Elwood also failed to take appropriate remedial action.

22.  On or about June 14, 2023, Plaintiff registered yet another complaint of sexual harassment with Arnold and Ana Castillo ("Castillo"), GXO Lead. Arnold and Castillo failed and refused to take any corrective action.

23.  On or about July 26, 2023, Plaintiff registered an additional complaint of sexual harassment with GXO's Human Resources department. Still, no action was taken to stop the harassment.

24.  At no time did GXO or Elwood investigate or take remedial action pursuant to Plaintiff's complaints of sexual harassment.

25.  On or about August 23, 2023, Plaintiff was diagnosed with Hyperkinetic Gallbladder. Said medical condition constitutes a disability within the meaning of the Americans with Disabilities Act ("ADA") and the Pennsylvania Human Relations Act ("PHRA"), in that it substantially impairs one or more of Plaintiff's major life activities, including, but not limited to, normal digestive function.

26.     On the same date, Plaintiff disclosed her disability to Stewart, and advised her that she was receiving treatment and anticipated eventual surgical intervention. At the direction of her treating physician, Plaintiff requested a brief medical leave of absence until August 28, 2023 as a reasonable accommodation for her disability. Plaintiff supplied a note from her physician in support of her request.

27.     Thereafter, on or about September 8, 2023, at GXO's direction, Elwood terminated Plaintiff's employment due to alleged "absenteeism."

28.     Following her termination, Elwood failed and refused to provide Plaintiff with alternative assignments, thereby terminating her employment with Elwood as well.

29.     The Plaintiff believes and avers that no legitimate business reason existed for her termination and that Defendants terminated her employment based on her actual and/or perceived disability and/or record of impairment and/or in retaliation for requesting a reasonable accommodation for her disability and/or opposing unlawful sexual harassment in the workplace.

### COUNT I
### (ADA – Disability Discrimination, Retaliation)
### Plaintiff v. Defendants

30.     Plaintiff incorporates by reference paragraphs 1 through 29 of this Complaint as though fully set forth at length herein.

31.     The actions of the Defendants, through their agents, servants, and employees, in subjecting Plaintiff to discrimination based on her actual and/or perceived disability and/or record of impairment, and in retaliating against Plaintiff for requesting reasonable accommodations for her disability, constituted violations of the ADA.

32.     As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendants in violation of the ADA, Plaintiff sustained

permanent and irreparable harm, resulting in the termination of her employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

33.    As a further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendants in violation of the ADA, Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT II
### (Title VII - Retaliation)
### Plaintiff v. Defendants

34.    Plaintiff incorporates by reference paragraphs 1 through 33 of this Complaint as though fully set forth at length herein.

35.    The actions of the Defendants, through their agents, servants, and employees, in subjecting Plaintiff to retaliation for opposing unlawful sexual harassment in the workplace, constituted violations of Title VII.

36.    As a direct result of the aforesaid unlawful retaliatory employment practices engaged in by the Defendants in violation of Title VII, Plaintiff has sustained permanent and irreparable harm, resulting in the termination of her employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

37.    As a further direct result of the aforesaid unlawful retaliatory employment practices engaged in by the Defendants in violation of Title VII, Plaintiff has suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT III
### (PHRA –Disability Discrimination, Retaliation)
### Plaintiff v. Defendants

38.     Plaintiff incorporates by reference paragraphs 1 through 37 of this Complaint as though fully set forth at length herein.

39.     The actions of the Defendants, through their agents, servants, and employees, in subjecting Plaintiff to discrimination based on her actual and/or perceived disability and/or record of impairment, and in retaliating against Plaintiff for requesting reasonable accommodations for her disability and opposing unlawful sexual harassment in the workplace, constituted violations of the PHRA.

40.     As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendants in violation of the PHRA, Plaintiff has sustained permanent and irreparable harm, resulting in the termination of her employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

41.     As a further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendants in violation of the PHRA, Plaintiff has suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## PRAYER FOR RELIEF

42.     Plaintiff incorporates by reference paragraphs 1 through 41 of this Complaint as though fully set forth at length herein.

**WHEREFORE**, Plaintiff requests that this Court enter judgment in her favor and against the Defendants, and order that:

a.    Defendants compensate Plaintiff with a rate of pay and other benefits and emoluments of employment to which she would have been entitled had she not been subjected to unlawful discrimination and retaliation;

b.    Defendants compensate Plaintiff with an award of front pay, if appropriate;

c.    Defendants pay to Plaintiff punitive damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses as allowable;

d.    Defendants pay to Plaintiff pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

e.    The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

SIDNEY L. GOLD & ASSOC., P.C.

By:    /s/ Sidney L. Gold, Esquire
SIDNEY L. GOLD, ESQUIRE
I.D. No.:  21374
1835 Market Street, Suite 515
Philadelphia, PA 19103
(215) 569-1999
**Attorney for Plaintiff**

DATED:  May 29, 2025

## <u>VERIFICATION</u>

I hereby verify that the statements contained in this **Complaint** are true and correct to the best of my knowledge, information and belief.  I understand that false statements herein are made subject to the penalties of Title 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

DATE: 05/29/2025

Yanira Rosario (May 29, 2025 13:30 EDT)

YANIRA ROSARIO, PLAINTIFF